PICHEL v. PICHEL et al.

(Supreme Court, Appellate Term.    May 24, 1899.)

APPEAL—DEFECTIVE JUDGMENT—HARMLESS ERROR.
> A municipal court justice found that defendant had established a counterclaim which exceeded the amount sought to be recovered by plaintiff, but decided that, "as plaintiff was a poor man, the court would not give an affirmative judgment," and ordered judgment for defendant on the ground that his counterclaim had been established to the amount of plaintiff's claim. *Held* that, as there was sufficient evidence to support the counterclaim, plaintiff could not complain of the judgment.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Isaac Pichel against Adolph Pichel and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Carl L. Schurz, for appellant.
Greenstein & Sobel, for respondents.

MacLEAN, J.   In their answer to the oral plea of the plaintiff for "money loaned," the defendants set up counterclaims aggregating more than the sum claimed by the plaintiff. The learned justice reached the conclusion on the evidence that the counterclaims of the defendants were established, and vouchsafed in his opinion the unusual explanation:

> "But, as the plaintiff is poor, the court would not give an affirmative judgment, but gave judgment for the defendant on the ground that his counterclaim had been established to the extent of the plaintiff's claim."

Evidence was adduced in support of the allegations of defendants which justified a finding in their favor. If they be not aggrieved that the judgment was not for the full amount to which the justice found they were entitled, the plaintiff may not complain. The judgment should be affirmed.

Judgment affirmed, with costs to respondents.   All concur.

---

(27 Misc. Rep. 526.)

ORMOND v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.    May 24, 1899.)

STREET RAILROADS—INJURIES TO PASSENGERS—NEGLIGENCE—EVIDENCE.
> In an action for injuries received in alighting from a street car, plaintiff testified that the car suddenly started as she was attempting to take hold of a brass rail on the car to aid her in getting off, thereby throwing her to the ground. The conductor and two disinterested witnesses testified that, while the car was still in motion, plaintiff, though told by the conductor to wait until it stopped, got off, and was thrown to the ground. *Held,* that a finding that plaintiff's injuries were caused by starting the car too soon was against the weight of the evidence.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Ettie Ormond against the Metropolitan Street-Railway Company. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Dudley R. Horton, for respondent.

FREEDMAN, P. J. This action was brought to recover damages sustained by the plaintiff, alleged to have been caused by the negligence of the defendant. The only ground upon which a reversal of the judgment is asked for is that it is against the clear weight of evidence. The plaintiff was the only witness sworn in her own behalf, and her testimony is wholly unsupported. She testifies that while a passenger upon one of the defendant's cars, and when near Twenty-Sixth street, she signaled the conductor to stop the car; that the car stopped; that she had arisen from her seat, and was about to take hold of the brass rail of the car, to aid her in alighting, when the car suddenly started; and that she thereupon was thrown violently to the ground. This testimony was positively and unequivocally contradicted, not only by the conductor of the car, but also by two disinterested witnesses. The latter testified that they sat in the car, near the plaintiff; that the plaintiff gave the signal to stop the car; that while it was still in motion, and although told by the conductor to wait until the car stopped, she got off before it came to a stop, and by reason thereof was thrown to the ground. In view of this testimony, and the probabilities fairly deducible from all the facts and circumstances shown by the record, the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurring. LEVENTRITT, J., taking no part.